WILL OF EVENSON: EVENSON, Respondent, vs. RUST and others, Appellants.

*January 7—January 28, 1913.*

*Wills: Probate: Testamentary capacity: Undue influence: Evidence: Weight and sufficiency.*

1. In a contest over the probate of a will which gave the bulk of testator's property to religious and charitable institutions, findings affirming the testamentary capacity of the testator and negativing undue influence are *held* to be sustained by the evidence.

2. The very strong evidence in this case of the sound mental condition of the testator was not overcome by the facts that the will provided for the division of certain property between his two brothers, naming them, "or their heirs," and that one of said brothers had died long before the will was made. The testator may have used that language, with full knowledge that one of the brothers was dead, as apt and convenient language for the disposition to the heirs of the deceased brother and to the living brother or his heirs.

3. To show that the execution of a will was procured by undue influence it must appear that there was such influence exercised over the testator as to amount to moral coercion, which resulted in destroying his free will and independent action and constrained him to act against his will and independent wishes in disposing of his property.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Bentley & Kelley* and *W. F. & A. C. Wolfe,* and oral argument by *F. R. Bentley.*

*John F. Doherty* and *James Thompson* (attorney for Norwegian Evangelical Lutheran Synod, legatee), for the respondent.

KERWIN, J.  This is a contest over the probate of the will of Ouden Evenson, deceased.  The only grounds of contest which require treatment are (1) that the deceased at the time of the execution of the will was not of sound mind and had

not sufficient mental capacity to make a will; and (2) that the execution of the will was procured by undue influence exercised over and upon the deceased, Ouden Evenson.

The county court found against the objections of the contestants and admitted the will to probate. The court below affirmed the order of the county court and remanded the cause to the county court for further proceedings. The case is now before us on appeal from the judgment of the circuit court.

The questions involved are purely questions of fact, therefore we are to determine whether the findings of fact below are supported by the evidence; or, in other words, whether the clear preponderance of the evidence is against such findings.

A careful examination of the evidence convinces us that the findings are well supported by the evidence. Counsel for appellants in their brief concede the rule respecting attack upon findings of fact of the trial court, but contend that the trial court drew its conclusions upon a misunderstanding of the testimony, namely, that the trial court held that the first stroke of paralysis was shortly before November, 1902, and after the signing of the will, while the evidence establishes that the first stroke was before the signing of the will and in December, 1901. This conclusion of the court below, whether right or wrong, is not significant in view of other evidence in the case. It appears from the evidence that the first stroke was very slight and did not affect the mentality of deceased at all. The court below said in his written opinion in the record that no witness had testified to any fact which would justify the court in saying that there was any lack of mental capacity on the part of deceased up to the time he received the third stroke in 1905, which was three years after the making of the will in question. We think the evidence supports this statement of the trial court.

Another point is made by counsel for appellants as tending

to show want of testamentary capacity, which appears in the will, and that is that mention is made of the testator's brother Ole, who was dead at the time the will was made, as follows: "Such excess or overplus shall be equally divided between my two brothers, Ole and Gulbrand, or their heirs, and John Torgenson and Elsie Hulberg, or their heirs." It is argued that if deceased was sound mentally he must have known his brother Ole was dead, and that, knowing he was dead, he would not have mentioned him as he did in the will. But the conclusion drawn by counsel does not necessarily follow from the facts. The sound mental condition of the testator was shown by very strong evidence, and this statement in the will cannot be said to overcome such evidence. The language may have been used with knowledge of the death of Ole as apt and convenient language respecting the disposition to the heirs of both brothers and the living brother.

On the question of undue influence little need be said. The testator gave the bulk of his property to religious and charitable institutions and his nieces are contesting his will. The evidence shows that the testator took an interest in the church to which he gave a large part of his property, and during his life contributed occasionally to it and loaned to it a large part of his estate. To establish undue influence it must appear that there was such influence exercised over the testator as to amount to moral coercion, which resulted in destroying his free will and independent action and constrained him to act against his will and independent wishes in disposing of his property. *Anderson v. Laugen,* 122 Wis. 57, 99 N. W. 437. See, also, *Cutler v. Cutler,* 103 Wis. 258, 79 N. W. 240; *Butler's Will,* 110 Wis. 70, 85 N. W. 678; *Field v. Pickard,* 126 Wis. 229, 105 N. W. 796.

It is needless to prolong this opinion by further discussion of the evidence. The evidence falls far short of establishing undue influence or mental incapacity.

*By the Court.*—The judgment is affirmed.